IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| CARLA DASILVA, | ) | C.A. No.: 1:25-cv-06043-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

THE PLAINTIFF RESPECTFULLY SHOWS:

1. The Plaintiff to this action is a resident of Aiken County, South Carolina.

2. Defendant State Farm Fire and Casualty Company ("State Farm") is a corporation which operates and contracts to do business in the State of South Carolina through the sale of insurance policies, but whose principal place of business and state of incorporation are not South Carolina.

3. The subject of this action is a homeowner's insurance policy ("the Policy") issued by State Farm covering the property located at 140 Stonegate Drive, Aiken, SC 29803-9626 which is owned by the Plaintiff in this action and which is located within Aiken County, South Carolina.

4. The amount in controversy in this action is believed by the Plaintiff to exceed $75,000.00.

5. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1391.

**FACTUAL BACKGROUND**

6. Plaintiff to this action entered into the Policy with the Defendant through one or more of its agents, employees, subsidiaries, or representatives, that Policy bearing policy number 40-C2-A072-9, for the purpose of obtaining homeowner's insurance coverage on the Plaintiff's home.

7. Included within the coverage outlined in the policy, the Plaintiff was to be entitled to certain benefits incidental to the policy, including coverage for losses related to certain types of storm and other damage.

8. Subsequent to the effective date of the Policy, the Plaintiff made several claims subject to the Policy for various damage done to her property between April 2023 through July 2024. Such damage included storm damage causing roof leaks and vandalism to the property causing the crawl space and other areas of the home to be damaged.

9. Throughout the period between April 2023 through July 2023, Defendant at several points wrongfully denied coverage under the terms of the Policy. Specifically, Defendant continually denied that Plaintiff was entitled to have her roof repaired or replaced, despite the fact that leaks in the roof had caused extensive damage to the interior of Plaintiff's property over this time period.

10. Throughout the period between April 2023 through July 2024, Defendant failed to properly communicate and provide needed documentation to the Plaintiff regarding its denial of claims made by the Plaintiff subject to the Policy. Defendant at various times referred to estimates and inspections regarding Plaintiff's property that were not provided to Plaintiff and were not able to be reviewed by Plaintiff to determine their veracity.

11. Plaintiff attempted to repair her home after the destruction caused by Defendant's failure to cover the damage incurred, but the cost to repair or replace the sections of the house

damaged is prohibitive and well exceeds $100,000.00.

12. As a result of the Defendant's failures, the Plaintiff has been living in a state of emotional and financial turmoil, struggling to maintain her home and dealing with the stress caused by the delays and issues with the handling of her claim.

13. Incident to the storm damage, much of the Plaintiff's personal property was destroyed or damaged beyond repair. To date the Plaintiff has not received fair compensation for these destroyed items despite multiple attempts to work with the Defendant on obtaining such compensation.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

14. The Plaintiff restates and realleges her previous allegations as if fully set forth herein verbatim.

15. The parties hereto entered a valid contract of insurance, insuring Plaintiff's home and personal property against certain hazards, including water damage protection.

16. The Plaintiff fully abided by her obligations pursuant to the contract, including paying all necessary premiums.

17. The Plaintiff's home incurred serious damage as a result of the multiple bouts of water damage and vandalism, and still requires well over $100,000.00 worth of repairs as of the date of the filing of this action. Much of the Plaintiff's personal property was also destroyed, and she has not received the full benefits provided to her under the terms of the Policy.

18. The Plaintiff filed multiple proper claims against the aforesaid policy of insurance for losses sustained April 21, 2023; July 5, 2023; September 9, 2023; October 16, 2023; April 12, 2024; and July 7, 2024.

19. The Defendant failed to pay the full amount of said claims without just cause,

thereby breaching the contract of insurance.

20.   As a result of Defendant's actions, Plaintiff suffered and to this day continues to suffer extensive damages, including damage to her physical and emotional well-being as a result of the stress caused by this incident.

21.   Plaintiff is informed and believes that she is entitled to judgment against the Defendant for all actual and consequential damages due to Defendant's breach of contract in an to be determined by a jury at trial.

### FOR A SECOND CAUSE OF ACTION
### (Negligence)

22.   The Plaintiff restates and realleges her previous allegations as if fully set forth herein verbatim.

23.   An insurer owes a duty to their insured to properly pay out benefits on claims with merit.

24.   The Plaintiff herein made valid claims against her home insurance policy, and any reasonable person or insurance carrier would believe that the Plaintiff's claims were valid based on the documentation provided by Plaintiff to Defendant.

25.   The Defendant breached its duty by failing to pay the full amount of Plaintiff's claims without good cause.

26.   As a result of the negligent, careless, and reckless actions of the Defendant, the Plaintiff has suffered damages in the form of property destroyed for which she has not been reimbursed, as well as pain and suffering from the emotional toll the process has taken on her.

27.   Plaintiff is informed and believes that she is entitled to judgment against the Defendant for all actual and consequential damages due to Defendant's negligence in an amount to be determined by a jury at trial.

## FOR A THIRD CAUSE OF ACTION
### (Bad Faith)

28.     The Plaintiff restates and realleges her previous allegations as if fully set forth herein verbatim.

29.     The duty of an insurer is implicit in every insurance contract to act in good faith and fair dealing in handling claims.

30.     The Plaintiff herein made valid claims against her homeowners' insurance policy, and any reasonable person or insurance carrier would believe that the Plaintiff's claims were valid.

31.     The Defendant failed to exercise its special duty of good faith by failing to pay the full amount of Plaintiff's claim without good cause, thereby constituting an act of bad faith on the part of the Defendant.

32.     The Plaintiff is informed and believes that punitive damages are a just deterrent and proper relief for Defendant's bad faith handling of her claim.

33.     Plaintiff respectfully requests a jury trial in this matter.

**WHEREFORE** the Plaintiff prays that this Court:

1.     AS TO THE FIRST CAUSE OF ACTION: Award the Plaintiff judgment against the Defendant for any and all actual and consequential damages which the Court or jury may find just;

2.     AS TO THE SECOND CAUSE OF ACTION: Grant the Plaintiff judgment against the Defendant for any and all actual and consequential damages which the Court and jury may find just;

3.     AS TO THE THIRD CAUSE OF ACTION: Grant the Plaintiff judgment against the Defendant for any and all actual, consequential, and punitive damages which the Court and jury may find just; and

4. Grant such other and further relief as may be just.

LAW OFFICES OF JOHN W. HARTE, LLC

s/John W. Harte
Federal ID No. 1750
Dalton P. Cooper
Federal ID No. 14443
Attorneys for the Plaintiff
john@jwhartelaw.com
dalton@jwhartelaw.com
803 226 0755

June 20, 2025

Physical Address
702 Chaffee Lane
Aiken, S.C., 29801

Mailing Address
P.O. Box 7215
Aiken, S.C., 29804